DOBLINGER et al. v. DICKSON et al.

(Circuit Court, N. D. Ohio, W. D. January 22, 1896.)

ATTACHMENT—DEMAND ARISING ON CONTRACT—OHIO STATUTES.

Plaintiff brought an action against defendant, alleging the making, by defendant to plaintiff, of an "oil and natural gas lease" giving to plaintiff the right to the possession of the premises described for the purpose of exploring for oil and gas, and also alleging facts which showed that, because of acts done by the defendant, a claim for damages had accrued to plaintiff, growing out of the contract of lease. *Held* that, whether or not the facts were well pleaded, it sufficiently appeared that the demand sued on was one arising upon contract, for the purpose of sustaining an attachment under the statutes of Ohio.

Hurd, Brumback & Thatcher, for plaintiffs.
Alex. L. Smith and Kinney & Newton, for defendants.

RICKS, District Judge. On the 31st of March, 1894, the plaintiffs instituted this suit against the defendants in the court of common pleas of Lucas county, Ohio. The purpose of the suit was to recover damages against the defendants for breach of contract of lease of certain lands in said Lucas county, which instrument was commonly known as an "oil and natural gas lease." Upon filing said petition, the plaintiffs made affidavit that the defendant Joseph Dickson was a nonresident, and that the claim sued upon was a "demand arising upon contract." By due proceedings had, an attachment was issued upon said affidavit, which was levied upon the property covered by the lease referred to in the petition. Thereupon the defendants, entering their appearance solely for the purpose of said motion, filed a motion asking the court to set aside the service by publication, and to dissolve the attachment. Immediately following said motion, a petition for the removal of said cause to this court was filed, together with the bond required by the statute. An order was made in compliance with said petition, and the transcript of the record was duly filed in this court.

The principal contention pressed by defendants' counsel in support of the motion to dissolve the attachment is that this is not a debt or demand arising upon contract. The averments of the petition have been pretty fully quoted in counsel's brief, and a pretty thorough

analysis thereof has been made. It must be remembered that, in disposing of this motion, it is only necessary to look to the averments of the petition, for the purpose of ascertaining whether the plaintiffs' claim is a demand arising upon contract. It is well settled in Ohio that an affidavit and an order of attachment form no part of the pleadings in an action, and the grounds for an attachment should not be stated in the petition. Harrison v. King, 9 Ohio St. 388. The affidavit, having referred to the petition as showing that the claim, debt, and demand did arise upon contract, so far authorizes us to look to the petition for the purposes of determining this fact. Further than that, it is not necessary to consider the force and effect of the different averments in the petition. Does the plaintiffs' claim or demand arise upon contract? The covenants of the lease made by the defendant Dickson entitle the plaintiffs to the possession of the premises described for the purposes of boring for oil and natural gas. There are certain limitations in these covenants, but the general effect of the contract is certainly an implied agreement that the plaintiffs shall have peaceable and uninterrupted possession of the premises for the purposes of prosecuting the explorations for oil and gas in the manner prescribed in the lease. The defendant Dickson, by the proceedings complained of in the petition, certainly violated this implied agreement and contract. As before stated, it is not necessary to examine the averments of the petition to ascertain whether or not they are well pleaded for the purpose of stating a breach of contract or maintaining a cause of action for damages for an eviction. It is only necessary to look to the petition and the lease, which is made an exhibit thereto, for the purpose of determining whether or not, upon the facts therein stated, this claim sued upon is a demand arising upon contract; and, for this purpose, the facts set out in the petition, though not well pleaded, may be considered. The lease is certainly a contract. The facts stated in the petition certainly show that, because of certain acts done by the defendant Dickson, a demand or claim has accrued to the plaintiffs for damages against the defendants growing out of said contract. That is all the issue involved in this motion to dissolve the attachment. A demurrer or motion to the petition may raise questions as to its sufficiency in other respects. The pleading may be inartificially drawn, and may be insufficient in many respects; but, if it states facts enough to show that the suit in which the attachment was issued is based upon a demand growing out of a contract, it is sufficient. The motion to dissolve is therefore disallowed.